# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GREGORY ALLEN JENNINGS,**

      **Plaintiff,**

    v.                                     **Civil Action 2:17-cv-248**
                                                    **Judge George C. Smith**
                                                    **Magistrate Judge Jolson**

**GARY MOHR, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter, filed by *pro se* prisoner Plaintiff Gregory Allen Jennings, was terminated on July 13, 2017, when the Court adopted the Undersigned's Report and Recommendation recommending that Mr. Jennings's Complaint be dismissed. (*See* Docs. 8, 9). On July 20, 2017, Mr. Jennings filed a Motion which appears to seek reconsideration of his Eighth Amendment claim for deliberate indifference to his medical needs. (Doc. 10) (appearing on this Court's docket as a "Motion Requesting the court to find that the Defendant failed to comply with proper diagnoses of their serious Medical Needs").

On July 28, 2017, this Court received a letter from Mr. Jennings. (Doc. 11). At the outset, Mr. Jennings explains that he does not understand the Court's disposition of this case and appears to seek clarification. (*Id*. at 1). Mr. Jennings then explains that he does not feel capable of representing himself in this action and going forward he will consider this case over. (*Id*. at 2). Based on the foregoing, the Court concludes that Mr. Jennings no longer intends to pursue his Motion. And even if he did, the Motion is without merit.

Whether Mr. Jennings's Motion is construed as a Rule 59(e) Motion to alter or amend the Court's July 13, 2017 ruling, or as a Rule 60(b) request for relief from that ruling, the Motion

fails to satisfy the stringent standards that warrant reconsideration. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (stating that a court may grant a motion to amend or alter judgment under Rule 59(e) to correct a clear error of law, to address newly discovered evidence, to address an interviewing change in controlling law, or to prevent manifest injustice); Fed. R. Civ. P. 60(b) (stating that a court may relieve a party from a final judgment or order where the party shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief"). Even construing Mr. Jennings's Motion liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), he appears to be renewing arguments that were already considered and rejected by the Court, which is not the function of a motion to reconsider. *See McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1884 (N.D. Ohio 1996). Based upon the foregoing, it is **RECOMMENDED** that Mr. Jennings's Motion be **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: September 7, 2017                    /s/Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE